UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BRANDY SHAREECE SANDERS WALKER, | ) ) ) |
| Petitioner, | ) ) |
| v. | No. 3:16-CV-548-RLJ-HBG ) ) |
| CAROLYN JORDAN, Warden, | ) ) ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

Acting pro se, Brandy Shareece Sanders Walker ("Petitioner") filed this petition for a writ of habeas corpus under 28 U.S.C. § 2244 [Doc. 2]. Before the Court is Respondent's Motion to Dismiss based on Petitioner's failure to exhaust her state remedies and, alternatively, on her failure to present meritorious claims [Doc. 9]. Respondent filed a supporting brief and copies of documents relevant to the exhaustion issue [Doc. 10, Attachments 10-1]. Petitioner did not reply to Respondent's Motion and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons below, Petitioner's § 2244 petition will be **DISMISSED**.

Petitioner, who is in the custody of the Tennessee Department of Correction ("TDOC"), asserts that on April 10, 2012, in Knox County Case Number 95846, she was sentenced to serve six years' state probation [Doc. 2 at 5]. Some two months later, Petitioner was arrested in connection with Anderson County Case Number B2C00447 and, upon her conviction, she was sentenced to two years and six months confinement, to be served concurrently with the Knox County six-year sentence [*Id.*]. The Anderson County corrected judgment, a copy of which Petitioner attached to her § 2244 petition, reflects that the judgment was entered on January 17,

2014, that the sentence was set concurrent with "Knox Co. case # 95846," and that Petitioner's sentence was to be credited with pretrial jail credits from June 26, 2012, to January 17, 2014 [*Id.* at 8]. Petitioner maintains that she is due 560 days of pretrial jail credits on her sentence, but that TDOC has failed to apply the jail credits to her overall sentence [*Id.*]. Petitioner would have the Court declare that her sentence has been miscalculated and order TDOC to correct her time calculation [*Id.* at 6].

Habeas corpus relief will not be granted unless a petitioner has exhausted her available state court remedies, or available state corrective process is lacking, or resort to such process would be useless. 28 U.S.C § 2254(b)(1). The exhaustion rule requires total exhaustion of state remedies, *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (stating that "a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief), meaning that a petitioner must have fairly presented each claim for disposition to all levels of appropriate state courts. *Baldwin v. Reese,* 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999).

A petitioner has not "exhausted the remedies available in the courts of the State, within the meaning of this section, if [s]he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Rose*, 455 U.S. at 518-19 ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."). It is a petitioner's burden to show exhaustion of available state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A prisoner in the custody of TDOC who has been denied pretrial jail credits may seek such credits from TDOC, by means of a declaratory order, obtained through the Uniform Administrative Procedures Act, *see* Tenn. Code Ann. § 4-5-223; *see also Howard v. Tenn. Dep't of Corr.*, No.

M201600337COAR3CV, 2016 WL 7048838, at *2 (Tenn. Ct. App. Dec. 5, 2016); and if dissatisfied with the result, she may seek review of that decision in the Chancery Court of Davidson County. *See* Tenn. Code Ann. § 4-5-322(b)(1); *Howard*, 2017 WL 7048838, at *2. If she is unable to secure relief in the state chancery court, she may file an appeal to the Tennessee Court of Appeals. *See* Tenn. Code Ann. § 4-5-323; *Howard*, 2017 WL 7048838, at *3.

Here, Petitioner does not contend, and the record does not show, that she submitted a petition for a declaratory order to TDOC; that the petition was denied; that she then pursued review of the denial of the declaratory order to the Davidson County Chancery Court; that she was unsuccessful in the state court of equity; and that she, thereafter, sought a declaratory judgment in the Tennessee Court of Appeals.

Accordingly, since Petitioner has failed to bear her burden of showing exhaustion of such state remedies as may be available with respect to her claims, *Rust*, 17 F.3d at 160, she may not pursue the pretrial jail credit claims, at this time, in a federal habeas corpus action.

Even if Petitioner had exhausted her state remedies before she filed her § 2254 petition, this Court's habeas corpus jurisdiction extends only to cases where a state prisoner contends that she is in custody in violation of her constitutional rights. 28 U.S.C. § 2254(a). Pretrial jail credits are mandated by a state statute. *See* Tenn. Code Ann § 40–23-101(c): *see also Bonner v. Tenn. Dept. of Corr.*, 84 S.W.3d 576, 581–82 (Tenn. Ct. App. 2001) (observing that TDOC "is required to calculate prison sentences in accordance with the sentencing court's judgment order and with applicable sentencing statutes"); *State v. Henry*, 946 S.W.2d 833, 834 (Tenn. Crim. App. 1997) (noting that a defendant's sentence must be credited with time served in jail pending arraignment and trial as well as time subsequent to any conviction arising out of the original offense).

The sole issue here is whether TDOC has refused to afford Petitioner the amount of pretrial jail credits that the trial court ordered. However, "[t]he actual computation of a prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2245." *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)); *see also Lee v. Ga. Dep't of Corr.*, No. 1:16-CV-0982-TWT-JFK, 2016 WL 3023883, at *1 (N.D. Ga. Apr. 22, 2016) ("Determinations by state prison authorities and courts in computing the time to be served under a state sentence present no federal question, constitutional or otherwise, and are not subject to review by federal habeas corpus proceedings.") (internal quotation marks omitted), *report and recommendation adopted*, No. 1:16-CV-982-TWT, 2016 WL 2997949 (N.D. Ga. May 25, 2016); *Armstrong v. Salinas*, No. CIV.A. 6:13-179-KKC, 2014 WL 340399, at *7 (E.D. Ky. Jan. 30, 2014) (ruling that "claims challenging the amount of jail credit applied (or not applied) to state sentences under state law . . . are a matter of state law and are not cognizable on federal habeas review") (citing to *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003)).

As the Supreme Court has explained, a federal court is not free to issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41 (1984). Thus, because Petitioner's claims do not allege a violation of federal constitutional law, they provide no recognizable basis for habeas corpus relief. 28 U.S.C. § 2254(a) (habeas corpus relief is appropriate only for constitutional violations); *see Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (finding that claims which allege a state law error or an incorrect application of state law do not present cognizable issues for federal habeas review).

The Court must now consider whether to issue a certificate of appealability (COA) should Petitioner file a notice of appeal. After reviewing the claim under the appropriate standards in *Slack v. McDaniel*, 529 U.S. 473 (2000), the Court finds that Petitioner has failed to make a

substantial showing of the denial of a constitutional right because jurists of reason would not disagree about the correctness of the procedural ruling with regard to exhaustion, nor would they find debatable or wrong the Court's conclusion that the claims are not cognizable federal habeas corpus claims. *See id.*; *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Therefore, the Court will **DENY** a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

In addition to the above, this Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and will **CERTIFY** that any appeal from this action would not be taken in good faith. Hence, should Petitioner file a notice of appeal, she will be **DENIED** leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge